■ In the Matter of PATRICIA L. GOODMAN, Respondent, v KEVIN M. COLENA, Appellant. [731 NYS2d 863] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (DiFiore, J.), entered March 31, 2000, as, upon reargument, adhered to a prior determination in an order of the same court (Braslow, J.), entered October 18, 1999, which denied his objections to an order of the same court (Furman, H.E.), entered July 6, 1999, which, after a hearing, awarded the mother an upward modification of the father's child support obligation to $672 per month.

Ordered that the order entered March 31, 2000, is reversed insofar as appealed from, on the law, with costs, upon reargument, the father's objections are sustained, the orders entered July 6, 1999, and October 18, 1999, are vacated, and the matter is remitted to the Family Court, Westchester County, for a new determination in accordance herewith.

Although the Family Court properly imputed rental income to the appellant based on his ownership of certain rental properties, it failed to deduct his expenses for those properties, specifically the mortgage and tax payments (*see,* Family Ct Act § 413 [1] [b] [5] [ii]). Accordingly, the matter is remitted to the Family Court, Westchester County, for a new determination on the issue of child support.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.